## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MARLYN WEBB and
PAULINE SANCHEZ,

        Plaintiffs,

v.                               No. CIV 08-0411 MV/LAM

MICHAEL PADILLA, et al.,

        Defendants.

### ORDER DENYING IN PART PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS AGAINST THE CITY OF ALBUQUERQUE AND DEFERRING RULING ON CERTAIN MATTERS (*Doc. 67*)

**THIS MATTER** is before the Court on Plaintiffs' motion to compel and for sanctions contained in their ***Motion and Memorandum in Support of Motion to Compel and for Sanctions Against the City of Albuquerque*** (hereinafter "***Motion to Compel***") (*Doc. 67*), filed on December 22, 2008. The Court has considered the motion, the response to the motion by Defendant City of Albuquerque (hereinafter, "City") (*Doc. 69*), the record of this case and relevant law, and **FINDS** that the motion should be **DENIED IN PART**, and that ruling on certain matters raised by the motion should be deferred, as set forth herein. The Court notes that Plaintiffs failed to file a reply in support of the motion which constitutes consent that briefing on the motion is complete pursuant to D.N.M.LR-Civ. 7.1(b).

At issue in this motion are the City's responses to Plaintiffs' *First Set of Interrogatories and First Request[s] for Production of Documents*. In their motion, Plaintiffs ask the Court to order the City to fully respond to three of Plaintiffs' requests for production and to pay Plaintiffs for their

reasonable attorneys' fees and expenses associated with the motion as a sanction for failing to fully respond to the requests.  *See **Motion to Compel*** (*Doc. 67*) at 6-7.

This case arises out of Plaintiffs' employment with the City.  In their complaint, Plaintiffs have asserted claims against the City for violation of Title VII of the Civil Rights Act of 1964, as amended (disparate treatment, hostile work environment and retaliation); violation of the New Mexico Human Rights Act, N.M. Stat. Ann. §§ 28-1-1, *et seq.*; municipal liability; and breach of implied employment contract.  *See **Complaint*** (hereinafter, "***Complaint***") (*Doc. 1*) at 13-17, 20-22.  Plaintiffs have asserted claims against Defendant Padilla under 42 U.S.C. §§ 1981 and 1983 (denial of Fourteenth Amendment right to equal protection).  *Id.* at 17.[1]  Plaintiffs have asserted claims against Defendants Chavez and Schultz for violation of 42 U.S.C. § 1983 (supervisory liability and violation of procedural due process).  *Id.* at 18-20.  As relief against all Defendants, Plaintiffs seek compensatory and punitive damages, reasonable attorneys' fees and costs, pre- and post-judgment interest, and such other relief as the Court deems appropriate.  *Id.* at 22.

In their complaint, Plaintiffs allege that Defendant Padilla was the manager of the City's 311 Call Center prior to November of 2006, and the City's Director of Communications from approximately November of 2006 through April of 2007.  *See **Complaint*** (*Doc. 1*) at ¶ 15.  Padilla denies these allegations.  *See **Defendant Michael Padilla's Amended Answer to Complaint for Employment Discrimination and Retaliation and Breach of Contract*** (*Doc. 10*) at ¶ 15.  Padilla has denied most of the remaining allegations in Plaintiff's complaint and asserted the following affirmative defenses: failure to mitigate damages; legitimate, non-discriminatory and non-retaliatory

---

[1]Plaintiffs also appear to assert a gender discrimination claim against Padilla pursuant to Title VII, as amended. *See **Complaint*** (*Doc. 1*) at ¶ 124.

business reasons for Padilla's actions; Padilla acted in good faith and in a reasonable manner given the information and circumstances existing at the time; failure to exhaust administrative remedies; and Plaintiffs' claims are barred to the extent that their requested relief exceeds, or is inconsistent with, the relief available under applicable law including, but not limited to, the types of, and caps on, damages and relief available under Title VII. *See id.* at 19-20.

Defendants Schultz, Chavez and the City have denied most of the allegations in Plaintiffs' complaint and asserted the following affirmative defenses: applicable statutes of limitation; failure to exhaust administrative remedies; failure to state a claim upon which relief can be granted; as to Plaintiffs' claims under the New Mexico Human Rights Act and Title VII, their conduct was supported by legitimate business reasons; as to Defendant Padilla, to the extent it is proved that he engaged in unlawful conduct, that he was not acting within the course and scope of his employment or the scope of his duties; Plaintiffs' claims are barred by negligence or other wrongful conduct by Plaintiffs or other persons or entities; as to Plaintiffs' federal claims against the City and Defendants Schultz and Chavez (the latter acting in their official capacities), lack of proof that Plaintiffs' alleged injuries were caused by a policy or custom of the City; as to Plaintiffs' state law claims, the claims are  barred by the New Mexico Tort Claims Act; as to Plaintiffs' federal claims against Defendants Schultz and Chavez, the claims are barred by qualified immunity; and as to Plaintiffs' Title VII claims, failure to establish supervisory liability under Title VII. *See **Answer of Defendants Schultz, Chavez and City to Plaintiffs' Complaint** (Doc. 12)* at 10-11.

The Court will address the disputed discovery requests in numerical order and, thereafter, Plaintiffs' request for sanctions.

**_Plaintiffs' Request for Production No. 10_:**

Request for Production No. 10 asks the City to "produce all documents related to verbal and/or written complaints made by any City employee(s) involving unprofessional behavior, sexual advances, inappropriate touching, sexual comments, or comments of a sexual nature in 2005, 2006 and 2007." *Doc. 67-2* at 9. In its response, the City objected to this request for production on the grounds that it sought "irrelevant information" and was "not reasonably calculated to lead to the discovery of admissible evidence." *Id.* Additionally, the City objected to this request as "not limited to complaints against Michael Padilla or complaints in any department in which Mr. Padilla worked[,]" "unduly burdensome" and "virtually impossible to respond to, because it could conceivably apply to all verbal or written complaints by any City employee for the past three years." *Id.* Without waiving these objections, the City stated that it had "previously produced the complaints and investigation initiated by Plaintiffs against Mr. Padilla." *Id.* In a supplemental response, the City stated that, to its knowledge, "there were no other complaints made by City employees against Mr. Padilla from 2005-2007 involving sexual advances, inappropriate touching, sexual comments, or comments of a sexual nature." *Id.*

The Court agrees with the City that this request for production seeks materials that are irrelevant, and is unduly burdensome, insofar as it pertains to complaints involving conduct by persons other than Mr. Padilla. Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Broader discovery, going to "any matter relevant to the subject matter involved in the action[,]" requires a

4

court order and a showing of good cause. *Id.*[2] Plaintiffs have not shown that complaints involving the conduct of persons other than Mr. Padilla are relevant to any claim or defense in this case. Nor have Plaintiffs shown good cause for obtaining such materials. Furthermore, the City has demonstrated, to the Court's satisfaction, that this request is unduly burdensome insofar as it seeks materials related to complaints involving the conduct of persons other than Mr. Padilla. Therefore, the Court will limit production in response to this request for production to materials related to complaints involving Mr. Padilla.

In its initial response to this request for production, the City stated that it had produced the complaints and investigation initiated by Plaintiffs against Mr. Padilla. *Doc. 67-2* at 9. In its supplemental response, the City stated that, to its knowledge, "there were no other complaints made by City employees against Mr. Padilla from 2005-2007 involving sexual advances, inappropriate touching, sexual comments, or comments of a sexual nature." *Id.* The City's responses do not indicate whether it has produced any documents related to complaints against Mr. Padilla involving "unprofessional behavior" or whether it has knowledge of such complaints. Plaintiffs do not define the term "unprofessional behavior" in their request for production. The Court will not order the City to produce, in response to this request for production, documents related to complaints involving "unprofessional behavior" by Defendant Padilla in 2005, 2006 and 2007, which do <u>not</u> involve sexual advances, inappropriate touching, sexual comments, or comments of a sexual nature.

---

[2]The scope of discovery in Fed. R. Civ. P. 26 was amended in 2000 to state that the material must be relevant to the claim or defense of any party. The Advisory Committee's note for the 2000 amendment states that the amendment was made with the intent "that the parties and the court focus on the actual claims and defenses involved in the action."

5

Plaintiffs have failed to demonstrate how such complaints, if any, are relevant to the claims or defenses in this case.[3]

**<u>Plaintiffs' Request for Production No. 12</u>:**

Request for Production No. 12 asks the City to "provide a complete copy of any and all records related to any and all compensation paid to Michael Padilla by the City of Albuquerque from 2005 to 2008, including but not limited to payroll records, pay stubs, W-2s, 1099s, consultant fees, and bonuses." *Doc. 67-2* at 10. The City responded to this request for production with objections that it sought "irrelevant information" and was "not reasonably calculated to lead to the discovery of admissible evidence." *Id.* The City also objected on the ground that this request sought "personal and confidential information regarding Mr. Padilla." *Id.*

In their motion to compel, Plaintiffs argue that these records are relevant and necessary for Plaintiffs to evaluate the City's claim that Mr. Padilla was a consultant, rather than a manager or employee, for the City's 911 operations. *See **Motion to Compel** (Doc. 67)* at 5. Additionally, Plaintiffs argue that these records are relevant to the City budget; to the funds available for staff positions in communications at the City; and to the motive and bias of the City, its agents and employees, and Mr. Padilla. *Id.* In its response, the City argues that the records sought in this request are irrelevant because the City has admitted that Mr. Padilla was its employee and because

---

[3]The Court acknowledges that Plaintiffs have obtained a copy of an investigative report prepared by the City related to a claim made by Claudia Ponce, alleging misconduct by Mr. Padilla when he worked at the City's 311 Call Center. A copy of this report is attached to Plaintiffs' response to another motion (*Doc. 83*) filed in this case. *See Doc.* 83-2 at 1-9. This report states that Ms. Ponce was not a City employee. *Id.* at 1. Although this report discloses that Ms. Ponce and Mr. Padilla had a romantic relationship, it does not contain any allegations of sexual advances, inappropriate touching, sexual comments or comments of a sexual nature by Mr. Padilla. This report concludes that Mr. Padilla violated City policies by giving Ms. Ponce questions for job interviews and using his City-issued cell phone for personal matters. *Id.* at 7-8, 9. As a consequence of this report, in part, Mr. Padilla was given a notice of discipline dated April 4, 2007. *See Doc. 83-5* at 1-2. In an order filed concurrently with this Order, the Court has determined that Plaintiffs have failed to demonstrate how the subject matter of this City investigative report is relevant to the claims or defenses in this case.

information regarding Mr. Padilla's compensation will not provide any useful information regarding the City's budget for the 911 Center and is not relevant to motive or bias. *See **Defendant City of Albuquerque's Response in Opposition to Plaintiffs' Motion to Compel** (*Doc. 69*) at 7-8.*

The Court will deny Plaintiffs' motion as to this request for production. While the records sought by this request may be relevant to determining whether Mr. Padilla was a City employee, the City states it has admitted that Mr. Padilla was its employee and Plaintiffs have not disputed that admission by filing a reply in support of their motion. Thus, the issue of Mr. Padilla's employment status is not in dispute. Plaintiffs have not otherwise shown that the requested materials are relevant to any claim or defense in this case or reasonably calculated to lead to the discovery of admissible evidence.

### *Plaintiffs Request for Production No. 16:*

Request for Production No. 16 asks the City to "provide a complete copy of Michael Padilla's personnel file, including but not limited to his application for hire and all related documents, background investigation, his resignation, and all contracts for services of Michael Padilla or any business with which he was associated, including but not limited to Altivus CRM Solutions, LLC." *Doc. 67-2* at 11. In its initial response to this request for production, the City objected that it sought "irrelevant information" and was "not reasonably calculated to lead to the discovery of admissible evidence." *Id.* The City also objected to this request on the ground that it sought "personal and confidential information regarding Mr. Padilla." *Id.* In a supplemental response to this request for production, the City stated:

> Many of the documents in Mr. Padilla's personnel file are protected from disclosure pursuant to Magistrate Judge Martinez's Order dated 11/26/08. Nevertheless, the City is willing to submit Mr. Padilla's personnel file to the Court for an *in camera* inspection, and to produce the portions of the file required by the Court after such inspection, subject to a mutually agreeable confidentiality order.

*Id.*

On March 2, 2009, the Court entered a text-only order granting the parties' ***Joint Motion for In Camera Inspection and Protective Order Relating to Defendant Padilla's Personnel File*** (*Doc. 76*). *See **Text-Only Order*** (*Doc. 100*). On the same date, the Court entered a protective order relating to Mr. Padilla's personnel file. *See **Protective Order Relating to Defendant Padilla's Personnel File*** (*Doc. 101*). Pursuant to those orders, the Court will review, *in camera*, Mr. Padilla's City personnel file and determine which parts, if any, of such personnel file the City must produce to Plaintiffs. Any documents ordered produced, will be produced subject to the terms and conditions of the protective order. Accordingly, the Court defers ruling on the City's objections to this request for production.

### ***Plaintiffs' Request for Sanctions***:

Plaintiffs ask the Court to order the City to pay Plaintiffs their reasonable attorneys' fees and costs associated with filing the motion to compel as a sanction for failing to fully respond to the discovery requests. *See **Motion to Compel*** (*Doc. 67*) at 6-7. More specifically, Plaintiffs seek compensation for four hours of legal work, at a billing rate of $150.00 per hour. *Id.* Because the Court has determined that it will deny Plaintiffs' motion to compel as to all matters except Mr. Padilla's personnel file, as to which ruling is deferred, the Court will deny Plaintiffs' request for sanctions and require that each party bear its own attorneys' fees and expenses incurred in connection with the motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to compel contained in their ***Motion and Memorandum in Support of Motion to Compel and for Sanctions Against the City of Albuquerque*** (*Doc. 67*) is **DENIED** as to Request for Production No. 10 and Request for Production No. 12 of Plaintiffs' *First Set of Interrogatories and First Request[s] for Production of Documents*.

**IT IS FURTHER ORDERED** that ruling is deferred as to Request for Production No. 16 of Plaintiffs' *First Set of Interrogatories and First Request[s] for Production of Documents* pending the Court's *in camera* review of Defendant Michael Padilla's City personnel file.

**IT IS FURTHER ORDERED** that Plaintiffs' request for sanctions is **DENIED** and the parties shall each bear their own attorneys' fees and expenses incurred in connection with Plaintiffs' motion.

**IT IS SO ORDERED**.


_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

9