IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARLYN WEBB and**
**PAULINE SANCHEZ,**

      **Plaintiffs,**

v.    No. CIV 08-0411 MV/LAM

**MICHAEL PADILLA, et al.,**

      **Defendants.**

### ORDER REGARDING DISCLOSURE
### OF MICHAEL PADILLA'S PERSONNEL FILE

**THIS MATTER** is before the Court following an *in camera* review of Defendant Michael Padilla's personnel file[1] from the City of Albuquerque (hereinafter, the "City") which the City submitted to the Court pursuant to its text-only order granting the parties' ***Joint Motion for In Camera Inspection and Protective Order Relating to Defendant Padilla's Personnel File*** (*Doc. 76*). *See* ***Text-Only Order*** (*Doc. 100*). The parties filed their joint motion seeking *in camera* review after Plaintiffs filed a motion to compel contained in their ***Motion and Memorandum in Support of Motion to Compel and for Sanctions Against the City of Albuquerque*** (*Doc. 67*) in which they asked the Court to order the production of Mr. Padilla's personnel file in response to Request for Production No. 16 of Plaintiffs' *First Set of Interrogatories and First Request[s] for Production of Documents*.

---

[1] The "personnel file" actually consists of two files - Mr. Padilla's central personnel file and Mr. Padilla's departmental file. In this Order, the Court will refer to these two files, together, as the "personnel file." After entry of this Order, the Court will return the documents reviewed *in camera* to the City.

Request for Production No. 16 asks the City to "provide a complete copy of Michael Padilla's personnel file, including but not limited to his application for hire and all related documents, background investigation, his resignation, and all contracts for services of Michael Padilla or any business with which he was associated, including but not limited to Altivus CRM Solutions, LLC." *Doc. 67-2* at 11. In its initial response to this request for production, the City objected that it sought "irrelevant information" and was "not reasonably calculated to lead to the discovery of admissible evidence." *Id.* The City also objected to this request on the ground that it sought "personal and confidential information regarding Mr. Padilla." *Id.* In a supplemental response to this request for production, the City stated:

> Many of the documents in Mr. Padilla's personnel file are protected from disclosure pursuant to Magistrate Judge Martinez's Order dated 11/26/08. Nevertheless, the City is willing to submit Mr. Padilla's personnel file to the Court for an *in camera* inspection, and to produce the portions of the file required by the Court after such inspection, subject to a mutually agreeable confidentiality order.

*Id.* A protective order relating to any portions of Mr. Padilla's personnel file ordered produced by the Court was filed on March 2, 2009. *See* **Protective Order Relating to Defendant Padilla's Personnel File** (*Doc. 101*).

"[G]enerally an individual's personnel file is relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and therefore discoverable, if the individual is alleged to have engaged in the retaliation or discrimination at issue or to have played an important role in the decision or incident that gives rise to the lawsuit." *Oglesby v. Hy-Vee, Inc.*, No. 04-2440-KHV, 2005 WL 857036 at *2 (D. Kan. April 13, 2005) (unpublished) (footnote omitted); *see also McCoo v. Denny's Inc.*, 192 F.R.D. 675, 687-88 (D. Kan. 2000) (plaintiffs were entitled to discover the personnel files of restaurant employees who allegedly participated in, or were involved in, or

witnessed the claimed discriminatory events that gave rise to the lawsuit). Applying these standards, the Court finds that Plaintiffs are entitled to discover Mr. Padilla's personnel file with three exceptions. First, the personnel file contains a copy of an investigative report prepared by the City, dated February 12, 2007, related to a claim made by Claudia Ponce alleging misconduct by Mr. Padilla when he worked at the City's 311 Call Center. The Court has already determined, in an order filed concurrently with this Order, that Plaintiffs have failed to demonstrate how the subject matter of this investigative report is relevant to the claims or defenses in this case. Having reviewed this report and its exhibits *in camera*, the Court finds it to be irrelevant and will not require the City to produce the report and its exhibits to Plaintiffs.[2] Second, the personnel file contains information regarding Mr. Padilla's compensation at the City. The Court has already determined that this information is not relevant or discoverable and, therefore, will require that this information be redacted from the documents in the personnel file before they are produced by the City. Third, the personnel file contains documents regarding the job applications and interviews of persons other than Mr. Padilla for a position at the City's 311 Call Center which the Court finds irrelevant to Plaintiffs' claims. Therefore, the Court will not require the City to produce these documents to Plaintiffs, other than Mr. Padilla's job application and the records of his interview(s) for a position at the 311 Call Center.

This case arises out of Plaintiffs' employment with the City. In their complaint, Plaintiffs have asserted claims against the City for violation of Title VII of the Civil Rights Act of 1964, as amended (disparate treatment, hostile work environment and retaliation); violation of the

---

[2]The Court acknowledges that Plaintiffs have obtained a copy of this investigative report, a copy of which, without its exhibits, is attached to their response to another motion (*Doc. 83*) filed under seal in this case. *See Doc. 83-2* at 1-9.

New Mexico Human Rights Act, N.M. Stat. Ann. §§ 28-1-1, *et seq.*; municipal liability; and breach of implied employment contract. *See* **Complaint** (hereinafter, "**Complaint**") (*Doc. 1*) at ¶¶ 90-117, 139-151. Plaintiffs have asserted claims against Defendant Padilla under 42 U.S.C. §§ 1981 and 1983 (denial of Fourteenth Amendment right to equal protection). *Id.* at ¶¶ 118-122.[3] Plaintiffs have asserted claims against Defendants Chavez and Schultz for violation of 42 U.S.C. § 1983 (supervisory liability and violation of procedural due process). *Id.* at ¶¶ 123-138. As relief against all Defendants, Plaintiffs seek compensatory and punitive damages, reasonable attorneys' fees and costs, pre- and post-judgment interest, and such other relief as the Court deems appropriate. *Id.* at 22. Mr. Padilla is sued in this case in his individual capacity. *Id.* at ¶ 16. Plaintiffs allege that for a period of time Mr. Padilla assumed the role of director of communications at the City and was their supervisor. *Id.* at ¶¶ 15, 25, 28-29. They allege that Mr. Padilla participated in, or was involved in, the alleged discriminatory and retaliatory events that gave rise to their lawsuit. *Id.* at ¶¶ 12-151. Thus, the Court finds Mr. Padilla's personnel file to be discoverable with the exception of the matters referenced above.

The Court will grant Plaintiffs' motion to compel, insofar as it seeks the production of Mr. Padilla's personnel file, and, with the exception of the matters referenced above, will order the City to produce the personnel file to Plaintiffs, subject to the terms and conditions of the above-referenced protective order. The fact that the personnel file may be considered to contain personal or confidential information does not shield it from discovery and the protective order will prevent the dissemination of such information beyond this lawsuit.

---

[3] Plaintiffs also appear to assert a gender discrimination claim against Padilla pursuant to Title VII, as amended. *See* **Complaint** (*Doc. 1*) at ¶ 124.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to compel contained in their *Motion and Memorandum in Support of Motion to Compel and for Sanctions Against the City of Albuquerque* (*Doc. 67*) is **GRANTED**, insofar as it seeks the production of Defendant Michael Padilla's personnel file by the City of Albuquerque, and the City is ordered to produce said personnel file to Plaintiffs, subject to the terms and conditions of the *Protective Order Relating to Defendant Padilla's Personnel File* (*Doc. 101*), **on or before April 4, 2009**; provided, however, that the City is not required to produce from the personnel file (i) its investigative report, dated February 12, 2007, related to a claim made by Claudia Ponce, and the exhibits to said report; and (ii) documents regarding the job applications and interviews of persons other than Mr. Padilla for a position at the City's 311 Call Center. The City shall produce documents regarding Mr. Padilla's job application and the records of his interview(s) for a position at the 311 Call Center.

**IT IS FURTHER ORDERED** that before producing Defendant Padilla's personnel file, the City of Albuquerque shall redact from the personnel file all references to the amounts of any compensation paid to Mr. Padilla by the City.

**IT IS SO ORDERED**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**