## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**MARLYN WEBB and**
**PAULINE SANCHEZ,**

        **Plaintiffs,**

**v.**                              **No. CIV 08-0411 MV/LAM**

**MICHAEL PADILLA, et al.,**

        **Defendants.**

**ORDER GRANTING IN PART AND DENYING IN PART**
**PLAINTIFFS' MOTION TO MODIFY THE COURT'S ORDER**
**TERMINATING DISCOVERY AND TO RE-OPEN DISCOVERY AND**
**REQUEST FOR SANCTIONS AGAINST THE CITY OF ALBUQUERQUE (*Doc. 103*)**

      **THIS MATTER** comes before the Court on Plaintiffs' motion to modify the Court's order terminating discovery, to re-open discovery and for sanctions against Defendant City of Albuquerque (hereinafter, "City") contained in ***Plaintiffs' Motion to Modify the Court's Order Terminating Discovery and to Re-Open Discovery and Memorandum in Support Thereof and Request for Sanctions Against the City of Albuquerque*** (*Doc. 103*), filed on March 3, 2009. Having considered the motion (including Plaintiffs' ***Notice of Attachment*** (*Doc. 105*), filed under seal on March 4, 2009), Defendants City, Schultz and Chavez' response to the motion (*Doc. 114*), Defendant Michael Padilla's response to the motion (*Doc. 119*), Plaintiffs' reply in support of the motion (*Doc. 126*), the arguments of counsel at a hearing on the motion held on April 1, 2009, the record of this case and relevant law, the Court **FINDS** that the motion should be **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

In their motion, Plaintiffs ask the Court to re-open discovery in this case for the limited purpose of allowing them to conduct discovery regarding a background investigation of Defendant Michael Padilla that was conducted for the City by Robert Caswell Investigations (hereinafter, "RCI").  A report of this background investigation was prepared by RCI and a copy of part of the report, designated "Exhibit H," was filed by Plaintiffs as an attachment to their *Notice of Attachment* (*Doc. 105*).  More specifically, Plaintiffs ask the Court to re-open discovery to allow them to conduct the following additional discovery: (1) re-open the deposition of Defendant Padilla to depose him regarding all statements contained in the background investigation report; (2) re-open the deposition of witness Michael Castro to depose him regarding his involvement in the background investigation and statements related to him contained in the background investigation report; (3) depose witness Claudia Ponce regarding all statements contained in the background investigation report; (4) depose witness Monica Rios regarding her involvement with Defendant Padilla and her interaction with Angela Baldwin, who the background investigation report describes as an employee of the City's Employee Equity Office; (5) depose witness Claudia Rodriguez regarding her involvement with Defendant Padilla and her interaction with Angela Baldwin; (6) depose Angela Baldwin regarding her knowledge of Defendant Padilla's alleged prior incidents of sexual harassment that were allegedly revealed to her through the background investigation, including the name of an Albuquerque Police Department civilian employee who allegedly contacted his supervisors with information about Mr. Padilla; (7) depose witness Bob Casey regarding his work for the City on the background investigation; (8) obtain tape-recorded statements referred to in the background investigation report.  *See **Plaintiffs' Motion to Modify the Court's Order Terminating Discovery and to Re-Open Discovery and Memorandum in Support Thereof and Request for Sanctions Against the City of Albuquerque** (Doc. 103)* at 5-6.

2

In their motion, Plaintiffs also want discovery re-opened so they can complete the depositions of Defendants Ray Schultz and Martin Chavez. *Id.* at 6. However, at the hearing on the motion held on April 1, 2009, Plaintiffs stated that the deposition of Defendant Chavez has been completed. *See Clerk's Minutes* (*Doc. 133*). Plaintiffs assert that the depositions they wish to take, if discovery is re-opened, can be completed within two days. *See Plaintiffs' Motion to Modify the Court's Order Terminating Discovery and to Re-Open Discovery and Memorandum in Support Thereof and Request for Sanctions Against the City of Albuquerque* (*Doc. 103*) at 6.

In addition to asking the Court to re-open discovery, Plaintiffs ask the Court to impose sanctions on the City by ordering the City to pay Plaintiffs for the cost of the additional depositions, and re-depositions, that Plaintiffs wish to take, and for Plaintiffs attorneys' fees and costs associated with their motion. As grounds for the imposition of sanctions, Plaintiffs contend that the City's disclosure of the background investigation report of Defendant Padilla to Plaintiffs was untimely and the City offered no explanation for its untimely disclosure of the report.

The Court has determined that it will re-open discovery in this case and has set new pretrial deadlines in an order filed concurrently with this Order. *See Order Granting in Part and Denying in Part, as Moot, Plaintiffs' Motion to Modify All Deadlines Set Forth in the Scheduling Order and For Scheduling Conference (Doc. 113)* (*Doc. 134*). The Court finds that Plaintiffs have demonstrated good cause, pursuant to Fed. R. Civ. P. 16(b)(4), for re-opening discovery and the Court will allow Plaintiffs to conduct some, but not all, of the additional discovery described in their motion. As to other matters raised in their motion, Plaintiffs' request to conduct additional discovery will be denied. The Court will also allow Plaintiffs to conduct discovery on those matters as to which additional discovery is permitted under the Court's recent rulings on other discovery motions, except as limited by this Order. The Court will deny Plaintiffs' request in their motion for

3

sanctions against the City because Plaintiffs have not shown that the imposition of sanctions is warranted under Fed. R. Civ. P. 37(c ).

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to modify the Court's order terminating discovery, to re-open discovery and for sanctions against Defendant City of Albuquerque contained in ***Plaintiffs' Motion to Modify the Court's Order Terminating Discovery and to Re-Open Discovery and Memorandum in Support Thereof and Request for Sanctions Against the City of Albuquerque*** (*Doc. 103*) is **GRANTED IN PART**, and Plaintiffs may conduct the following additional discovery in this case, subject to the pretrial deadlines as modified by the Court:

(1) Re-open the deposition of Defendant Michael Padilla to depose him regarding all statements contained in the background investigation report related to any allegations or claims of sexual harassment or inappropriate sexual conduct made against him in connection with his employment with the City of Albuquerque, General Electric or MCI.  Mr. Padilla may also be questioned in accordance with the Court's ruling in its ***Order Granting in Part and Denying in Part Plaintiffs' Second Motion to Compel (Doc. 89)*** (*Doc. 129*), entered on March 30, 2009.

(2) Re-open the deposition of witness Michael Castro to depose him regarding his involvement in the background investigation and statements related to him contained in the background investigation report.

(3) Depose witness Claudia Ponce regarding all statements contained in the background investigation report related to any allegations or claims of sexual harassment of inappropriate sexual conduct made against Defendant Michael Padilla in connection with his employment with the City of Albuquerque, General Electric or MCI.  Ms. Ponce may also be questioned in accordance with the Court's ruling in its ***Order Granting in Part Defendant[s] City, Chavez and Schultz' Motion***

4

*for Protective Order Regarding the Deposition of Claudia Ponce (Doc. 78)* (*Doc. 128*), entered on March 30, 2009.

(4) Depose witness Monica Rios regarding her involvement with Defendant Padilla and her interaction with Angela Baldwin related to any allegations or claims of sexual harassment or inappropriate sexual conduct made against Defendant Padilla in connection with his employment with the City of Albuquerque, General Electric or MCI.

(5) Depose witness Claudia Rodriguez regarding her involvement with Defendant Padilla and her interaction with Angela Baldwin related to any allegations or claims of sexual harassment or inappropriate sexual conduct made against Defendant Michael Padilla in connection with his employment with the City of Albuquerque, General Electric or MCI.

(6) Depose Angela Baldwin regarding her knowledge of Defendant Padilla's alleged prior incidents of sexual harassment that were allegedly revealed to her through the background investigation, including the name of an Albuquerque Police Department civilian employee who allegedly contacted his supervisors with information about Mr. Padilla.

(7) Depose witness Bob Casey regarding his work for the City on the background investigation.

(8) Obtain tape-recorded statements referred to in the background investigation report but only the tape-recorded statements of Defendant Michael Padilla and witnesses Michael Castro, Claudia Ponce, Monica Rios, Claudia Rodriguez, Angela Baldwin and Bob Casey, if such statements exist, and only if witness Bob Casey testifies at his deposition that those tapes, or copies of those tapes, were provided by RCI to the City.

5

(9) Complete the deposition of Defendant Ray Schultz as agreed to by the parties at the conclusion of his deposition, subject to the limitations set forth in the Court's ***Order Granting in Part and Denying in Part Plaintiffs' Second Motion to Compel (Doc. 89)*** (*Doc. 129*).

(10) Discovery as permitted by the Court in its rulings in the following orders: ***Order Granting in Part Defendant[s] City, Chavez and Schultz' Motion for Protective Order Regarding the Deposition of Claudia Ponce (Doc. 78)*** (*Doc. 128*), ***Order Granting in Part and Denying in Part Plaintiffs' Second Motion to Compel (Doc. 89)*** (*Doc. 129*), and ***Order Regarding Disclosure of Michael Padilla's Personnel File*** (*Doc. 130*).

**IT IS FURTHER ORDERED** that Plaintiffs' questioning of the following persons during each of their depositions shall not exceed two hours each: Defendant Michael Padilla, Michael Castro, Claudia Ponce, Monica Rios, Claudia Rodriguez, Angela Baldwin and Bob Casey.

**IT IS FURTHER ORDERED** that the deposition of Defendant Ray Schultz shall not exceed a total of seven hours, inclusive of the time spent previously deposing him in this case, as allowed in the parties' ***Joint Status Report and Provisional Discovery Plan*** (*Doc. 17*).

**IT IS FURTHER ORDERED** that Defendants may depose witnesses during the extended discovery period solely for rebuttal purposes, provided that Defendants' questioning of such witnesses at their depositions shall not exceed a combined total of six hours.

**IT IS FURTHER ORDERED** that as to all other matters, Plaintiffs' motion to modify the Court's order terminating discovery, to re-open discovery and for sanctions against Defendant City of Albuquerque contained in ***Plaintiffs' Motion to Modify the Court's Order Terminating Discovery and to Re-Open Discovery and Memorandum in Support Thereof and Request for Sanctions Against the City of Albuquerque*** (*Doc. 103*) is **DENIED**.

6

**IT IS FURTHER ORDERED** that each party shall bear its own attorneys' fees and costs incurred in connection with Plaintiffs' motion.

**IT IS SO ORDERED.**

_Lourdes A. Martínez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**