UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

MARLYN WEBB and
PAULINE SANCHEZ,

        Plaintiffs,

vs.                                                                                          Civ. No. 08-411 MV/LAM

MICHAEL PADILLA, *et al.*,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Review by the Court of Clerk's Order Settling Costs (Doc. 226), which seeks review of that portion of the Clerk's Order awarding Defendant Michael Padilla costs in connection with seven depositions. Upon *de novo* review, this Court affirms the Clerk's Order Settling Costs with respect to four depositions and vacates the order awarding costs with respect to the remaining three depositions. Accordingly, as explained below, the amount of costs to be taxed against Plaintiffs will be reduced from $4,006.59 to $3,347.30.

## FACTUAL BACKGROUND

This case, which was brought in April 2008, arises out of alleged employment discrimination against Plaintiffs Marlyn Webb and Pauline Sanchez. Count V of Plaintiffs' Complaint, the only count directed against Defendant Michael Padilla, alleged that Mr. Padilla violated Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment, as well as alleged a claim pursuant to 42 U.S.C. § 1981. (Doc. 1). On February 20, 2009, Mr. Padilla moved for summary judgment as to the claims against him. (Docs. 96 & 97).

Plaintiffs did not file a substantive response to Mr. Padilla's motion, but instead, on March 9, 2009, Plaintiffs requested a continuance pursuant to Federal Rule of Civil Procedure 56(f) so that additional discovery could be completed. (Doc. 112). On March 24, 2009, Mr. Padilla filed a three-page reply brief in which he argued that further discovery was not needed, as well as a notice of completion of briefing. (Docs. 121 & 122). Thereafter, on April 17, 2009, and prior to any ruling on Mr. Padilla's motion for summary judgment, Plaintiffs filed a motion requesting dismissal of Count V. (Doc. 141). Mr. Padilla did not file any opposition to Plaintiffs' motion and on June 9, 2009, this Court granted Plaintiffs' motion to voluntarily dismiss Count V of the Complaint pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. 158).

Two weeks later, on June 23, 2009, Mr. Padilla filed a motion to tax costs pursuant to Federal Rule of Civil Procedure 54. (Doc. 162). Plaintiffs filed their opposition to Mr. Padilla's motion to tax costs on July 7, 2009 and Mr. Padilla filed his reply brief on July 21, 2009. (Docs. 164 & 169). On November 4, 2009, the Clerk entered a Clerk's Order Settling Costs, which allowed Mr. Padilla costs in the amount of $4,006.59. (Doc. 225). Specifically, the November 4, 2009 Order awarded Mr. Padilla his costs in connection with the depositions of Michael Castro (Vol. I), Marlyn Webb (Vol. I & II), Pauline Sanchez, Michael Padilla (Vol. I), Ray Schultz (Vol. I), and Holly Steinberg, but denied him costs in connection with eleven other depositions and denied him copying costs. (*Id.*). By the instant motion, Plaintiffs seek this Court's review of that portion of the Clerk's Order Settling Costs that awards costs to Mr. Padilla, arguing that Mr. Padilla should not be allowed to recover any costs.

## ANALYSIS

The Court applies a *de novo* standard of review to a Clerk's determination of costs. *Furr v. AT&T Techs., Inc.*, 824 F.2d 1537, 1550 n.11 (10th Cir. 1987).

The Tenth Circuit has held that "a defendant is a prevailing party under Rule 54 when, in circumstances not involving settlement, the plaintiff dismisses its case against the defendant, whether the dismissal is with or without prejudice." *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 456 (10th Cir. 1995) (en banc). Accordingly, "in cases not involving a settlement, when a party dismisses an action with or without prejudice, the district court has discretion to award costs to the prevailing party under Rule 54(d)." *Id.* at 458. The district court's discretion, however, is limited in two ways. "First, it is well established that Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Id.* at 458-59. "The second restraint on a district court's discretion is that it must provide a valid reason for not awarding costs to a prevailing party." *Id.* at 459. Thus, as a preliminary matter, this Court finds that Mr. Padilla is a prevailing party and is presumed to be entitled to costs unless there is a valid reason for not awarding costs.

Plaintiffs offer a number of reasons that they contend justify denying Mr. Padilla's request for costs. Initially, Plaintiffs suggest that Mr. Padilla was only partially successful as he received no recovery from Plaintiffs. However, as Mr. Padilla did not assert any counterclaims against Plaintiff and as all claims against Mr. Padilla were dismissed, the fact that he received no recovery from Plaintiffs would not appear an appropriate measure of his success.

Plaintiffs also argue that costs should be denied in light of the equities involved. Specifically, Plaintiffs contend that requiring them to pay costs would cause them to suffer great

financial hardship. In 2007, Ms. Sanchez's adjusted gross income was $64,468 and Ms. Webb's adjusted gross income was $59,612. (Doc. 169 at Exs. A-B). While Ms. Webb submitted an affidavit indicating that her fixed monthly expenses take up the majority of her monthly take-home pay of approximately $2800.00 and Ms. Sanchez submitted an affidavit indicating that her monthly expenses take up the majority of her monthly PERA retirement disbursement of approximately $2600.00 (Doc. 164 at Exs. A-B), this Court does not find that Plaintiffs have established the type of dire economic circumstances that would justify a denial of costs altogether. *See Rodriguez v. Whiting Farms, Inc.,* 360 F.3d 1180, 1190 (10th Cir. 2004) (district court did not abuse its discretion in awarding costs despite fining that Plaintiffs were indigent and that the case presented a close and difficult question); *see also George v. Florida Dep't of Corr.*, No. 07-80019, 2008 WL 2571348, at *7-8 (S.D. Fla. May 23, 2008) (recognizing that before a losing party's financial condition can be considered, there must be clear proof of his or her dire financial circumstances). Additionally, while Plaintiffs further urge this Court to consider the comparative wealth of Plaintiffs and Mr. Padilla, this Court does not believe the relative wealth of the parties is an appropriate factor, but finds that even if it were, it would not justify the denial of costs in this instance. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 200) (en banc) ("[W]hen awarding costs a district court should not consider the relative wealth of the parties.").

In addition to the above factors, Plaintiffs argue that Mr. Padilla benefitted from a change in law. Specifically, Plaintiffs argue that approximately a month and a half after this case was filed, the Supreme Court's decision in *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591 (2008), came down, which foreclosed them from pursuing a "class of one" equal protection

4

theory against Mr. Padilla.  Plaintiffs also argue that Mr. Padilla benefitted financially from the alleged conduct that formed the basis of Plaintiffs' Complaint in that Mr. Padilla, upon tendering his resignation from employment with the City, entered into a favorable Separation Agreement and Release of Claims, pursuant to which he received substantial financial benefit in exchange for his release of the City and its agents from all claims and liability arising out of his employment with the City.  (Doc. 227 at Ex. C).  Finally, Plaintiffs challenge the costs on the basis that they were not necessary to Mr. Padilla's legal arguments and were unreasonably high.

While this Court ultimately finds that none of the above reasons are sufficient to deny Mr. Padilla's request for costs altogether, it finds that there is merit in Plaintiffs' contention that not all of the costs sought by Mr. Padilla were reasonably necessary in light of the legal nature of the arguments upon which Mr. Padilla relied in this case.  *See Cantrell*, 69 F.3d at 459 (listing potential reasons for denying costs, including that the costs are unreasonably high or unnecessary).  Accordingly, with this in mind, the Court turns to the specific costs Plaintiffs contend were improperly awarded, all of which were incurred by Mr. Padilla for deposition transcripts.

28 U.S.C. § 1920(2) provides that a judge or clerk may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  Whether a deposition transcript was "necessarily obtained for use in the case" is a question of fact that should be given careful scrutiny.  *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147, 1149 (10th Cir. 2009); *see also Callicrate v. Farmland Indus.*, 139 F.3d 1336, 1340 (10th Cir. 1998).  The Tenth Circuit has recognized that "depositions taken merely for discovery are not taxable as costs."  *Callicrate*, 139 F.3d at 1340 (explaining that "necessarily obtained" does not

mean that the materials added to the convenience of the parties or made the task of the trial judge easier); *see also In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d at 1148 (materials produced solely for discovery are not recoverable as they do not meet the threshold of reasonably necessary to litigation of the case). While the most direct evidence of "necessity" is the actual use of the materials obtained by counsel or by the court, if materials are reasonably necessary for use in the case although not actually used at trial or by the court, the court is nonetheless empowered to find necessity and award costs. *Callicrate*, 139 F.3d at 1340; *see also In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d at 1148. Reasonable necessity under § 1920 should be judged in light of the facts known to the parties at the time the expenses were incurred. *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d at 1148; *Callicrate*, 139 F.3d at 1340.

In accord with the above principles, the United States District Court for the District of New Mexico has adopted a local rule that provides: "A deposition is reasonably necessary to the litigation when: (A) a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes; (B) the deposition is used by the Court in ruling on a motion for summary judgment; or (C) the Court so determines." D.N.M.LR-Civ. 54.2(b)(2).

As the case did not proceed to trial, D.N.M.LR-Civ. 54.2(b)(2)(A) is inapplicable. Additionally, D.N.M.LR-Civ. 54.2(b)(2)(B) is inapplicable with respect to Mr. Padilla's summary judgment motion, as the Court did not reach the merits of that motion. Nonetheless, this Court notes that in seeking summary judgment, Mr. Padilla submitted four depositions transcripts as exhibits to his motion: Marlyn Webb (Vol. I), Pauline Sanchez, Michael Padilla (Vol. I), and Ray Schultz (Vol. I). (Doc. 97 at Exs. A-D). Moreover, in arguing on summary judgment that Plaintiffs failed to identify similarly-situated male employees who were treated

more favorably than Plaintiffs, Mr. Padilla's motion quotes portions of both Ms. Webb's deposition and Ms. Sanchez's deposition in which they discuss Mr. Padilla's unfavorable treatment of certain male employees. (*Id.* at 7-8). Having reviewed Mr. Padilla's summary judgment motion, this Court finds that even though it did not ultimately reach the merits of the motion, the depositions of Marlyn Webb (Vol. I), Pauline Sanchez, Michael Padilla (Vol. I), and Ray Schultz (Vol. I) were necessarily obtained by Mr. Padilla for use in this case. Accordingly, the Clerk properly awarded Mr. Padilla costs for these four depositions transcripts as follows: Marlyn Webb (Vol. I) in the amount of $1,244.49; Pauline Sanchez in the amount of $1,304.86; Michael Padilla (Vol. I) in the amount of $612.26; and Ray Schultz (Vol. I) in the amount of $185.69.

In contrast, this Court will vacate the Clerk's award of costs with respect to the deposition transcripts of Michael Castro (Vol. I), Marlyn Webb (Vol. II), and Holly Steinberg. While these depositions transcripts were relied upon by Defendants City of Albuquerque, Martin Chavez, and Ray Schultz in their own motion for summary judgment (Doc. 95 at Exs. B, I & L), the claims collectively asserted against these other defendants were more extensive than those asserted against Mr. Padilla. Even assuming that these three depositions were necessarily obtained with respect to defense of the claims brought against the City of Albuquerque, Martin Chavez, and/or Ray Schultz, this Court does not find that Mr. Padilla has established that these transcripts were reasonably necessary to his defense in this case and therefore reverses the award of costs as to these three depositions. In finding that Mr. Padilla has not shown that these transcripts were necessarily obtained, this Court notes that apart from a single conclusory assertion by counsel for Mr. Padilla that "[a]ll of the costs" being sought "were necessary to the

7

defense of the above-captioned lawsuit" (Doc. 162 at Ex. B), Mr. Padilla has made no specific showing or offered any explanation as to why these three specific depositions were reasonably necessary to his defense.[1]  The party seeking costs has the burden of establishing the amount of compensable costs and expenses to which he or she is entitled and assumes the risk of failing to meet that burden.  *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002).  As Mr. Padilla has failed to provide sufficient support or an adequate explanation to establish that these three depositions were reasonably necessary, this Court will deny his request for costs as to these depositions.  *See Allison,* 289 F.3d at 1249 (recognizing the general rule that "a party seeking costs must establish their necessity for trial" and affirming the district court's denial of costs for deposition transcripts where the party seeking costs "failed to provide an adequate explanation for the necessity of the requested costs"); *see also Crandall v. City & County of Denver*, 594 F. Supp. 2d 1245, 1247 (D. Colo. 2009) ("The party seeking an award of costs bears the burden of showing the necessity of the costs incurred."); *Alfaro v. General Motors Corp.*, No. 05-cv-00645, 2007 WL 840505, at *2 (D. Colo. Mar. 19, 2007) (denying request for taxation of additional deposition costs where party seeking costs failed to make specific proffer as to why it believed the depositions were necessary when taken and noting that "[i]t is within a court's discretion to determine whether the party requesting an award of costs has provided an adequate explanation for the necessity of the expenses it incurred").

---

[1] Notably, in Mr. Padilla's motion to tax costs, he sought costs for several depositions that were not even taken until after Plaintiffs moved to dismiss the claims against Mr. Padilla. While none of these later depositions are at issue, as the Clerk did not allow Mr. Padilla to recover costs for them, their inclusion in his motion demonstrates the problem with relying on such a broad and conclusory assertion regarding necessity that does not distinguish between the various costs being sought.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Review by the Court of Clerk's Order Settling Costs (Doc. 226) is **GRANTED in part** and **DENIED in part**.  The Clerk's Order Settling Costs is affirmed to the extent that the Order awards costs to Mr. Padilla for the depositions of Marlyn Webb (Vol. I ), Pauline Sanchez, Michael Padilla (Vol. I), and Ray Schultz (Vol. I).  The Clerk's Order Settling Costs, however, is vacated to the extent it allowed Mr. Padilla costs for the depositions of Michael Castro (Vol. I), Marlyn Webb (Vol. II), and Holly Steinberg; this Court will deny Mr. Padilla his costs in connection with these depositions.  Accordingly, costs are hereby taxed against Plaintiffs and in favor of Defendant Michael Padilla in the amount of $3,347.30.

**DATED** this 23rd  day of July, 2010

_____
**MARTHA VAZQUEZ**
**Chief United States District Judge**

Attorneys for Plaintiffs:
    Robert J. Gorence, Esq.
    Louren M. Oliveros, Esq.
    Marie T. Legrand, Esq.

Attorney for Defendant Michael Padilla:
    Deborah D. Wells, Esq.